UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

No. 9:14-cv-80180-Middlebrooks/Brannon

MARK FITZHENRY,

        Plaintiff,
v.

THE ADT CORPORATION, et al.,

        Defendants.
_____/

### ADT'S MEMORANDUM OF LAW
### IN RESPONSE AND OPPOSITION TO PLAINTIFF'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

In its answer to the "Class Action Complaint" filed by plaintiff Mark Fitzhenry ("Fitzhenry"), Defendant The ADT Corporation ("ADT") asserted, among others, the following affirmative defenses:

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or **claims by some or all the members of the putative class** are barred or limited based on the doctrine of "established business relationship."

\* \* \* \*

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and **the claims of the putative class members** are barred to the extent that Plaintiff and some or all of the members of the putative class gave consent for any acts alleged in the Complaint.

[DE 53 at 12, emphasis added.]

Fitzhenry now "seeks summary judgment regarding those defenses," [DE 116 at 1.] based on the facts regarding Fitzhenry, but ignores that these are valid affirmative defenses with respect to the class that Fitzhenry purports to represent.

1

Fitzhenry predicates this request entirely on the absence of evidence showing that he—Fitzhenry—either consented to receive telemarketing calls from ADT or Defendant Security Solutions, Inc. ("SSI"), or had an established business relationship (an "EBR") with ADT.  At no point in his Motion does Fitzhenry restrict his request for judgment solely to the application of these defenses to the claims he asserts individually against ADT.  Rather, he simply requests that judgment be granted "as to both Defendants' affirmative defenses of consent, and ADT's affirmative defense of EBR" [DE 116 p. 9], and even goes so far as to suggest that affirmative defenses asserted in a class action should be resolved "prior to deciding class certification[.]" (*Id.* at 5, citing *Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132, 134 (2d Cir. 2013)).

ADT opposes Plaintiff's Motion to the extent that the Motion purports to seek the entry of judgment with respect to ADT's defenses of consent and EBR as directed to the claims of putative class members other than Fitzhenry.  While Fitzhenry is correct that discovery to date has not revealed evidence that Fitzhenry consented to receive telemarketing calls from either ADT or SSI or had an established business relationship with ADT, the absence of such evidence does not, however, warrant summary judgment being granted on ADT's Eighth and Tenth affirmative defenses, as those affirmative defenses are also directed to the claims of putative class members.  As numerous courts have found, the application of these and similar defenses to the claims of putative class members requires a separate, individualized inquiry for each member of a proposed class.  Accordingly, Plaintiff's Motion must be denied to the extent that the Motion purports to seek judgment on ADT's Eighth and Tenth affirmative defenses for any and all purposes in this litigation.

**RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56.1, Defendant The ADT Corporation ("ADT") submits the following response to Plaintiff's Statement of Material Facts in support of Plaintiff's Motion for Partial Summary Judgment [DE 116].

In response to Plaintiff's statement of Material Facts, [DE 116 at 5-6 ¶¶1.a.-1.d.], ADT states:[1]

> ADT disputes that on October 10, 2013, Fitzhenry received a pre-recorded telemarketing call (the "Call") from an authorized ADT dealer, Defendant Security Solutions ("SSI"). [DE 116 at 5-6 ¶ 1.a.]  SSI did not initiate the Call to Fitzhenry.  *See* Deposition of Chris Pitman dates Aug. 1, 2014, (Exhibit 1) at 330:10-13 ("Q. And just to confirm . . . your company didn't make any of these K2 calls, right? A. True.").  The Call to Fitzhenry was initiated by the call centers hired by non-party Perfect Pitch Technologies, Inc. ("Perfect Pitch").  *See* Deposition of Mike Kasick dated Sept. 19, 2014, (Exhibit 2) at 79:12-17 ("Q. . . . Just so we're clear, from a procedural standpoint, Perfect Pitch did not dial those numbers, right, that was one of the call centers in the Philippines? A. That's correct . . . ."); *see* Deposition of Jacob Munns dated July 14, 2014, (Exhibit 3) at 87:5-9 (Q. . . . who dials the numbers? A. The call centers in the Philippines. . . .").  Plaintiff is unable to identify the call center that initiated the Call.
>
> Fitzhenry does not state a fact at DE 116 at ¶ 1.b., he states a legal opinion.  Nonetheless, ADT disputes that the Call violates the TCPA.  [*See* ADT Motion for Summary Judgment, DE 117.]
>
> ADT disputes Plaintiff's statement at DE 116 at ¶ 1.c (that ADT and its "authorized dealers have a long history of noncompliance with the federal telemarketing laws, and ADT has failed to effectively end its dealers' telemarketing violations.").  [*See* ADT Motion for Summary Judgment, DE 117.]
>
> Plaintiff does not state a fact at DE 116 at ¶1.d., he states a legal opinion.  Nonetheless, ADT disputes that it is vicariously liable for the telemarketing call under a recent ruling from the Federal Communications Commission, the agency charged with interpreting and enforcing the TCPA. The FCC Ruling, In re Joint Pet. filed by *Dish Network, LLC*, FCC

---

[1] Plaintiff characterizes Paragraph 1 as setting "disputed" facts based entirely on allegations contained in his Complaint.  However, several of Plaintiff's "disputed" facts are undisputable based upon the evidence in the case.

3

13-54 ¶ 37, 2013 WL 193449 (May 9, 2013)). [*See* ADT Motion for Summary Judgment, DE 117.]

In response to Plaintiff's Statement of Material Facts [DE 116 at 6-7 ¶¶ 2.a.-2.h.], ADT states:

- ADT disputes that Plaintiff appropriately recited ADT's Eighth Affirmative Defense. [DE 116 at 6 ¶ 2.a.] ADT's Eighth Affirmative Defense states: "Plaintiff's claims <u>and/or claims by some or all of the members of the putative class</u> are barred or limited based on the doctrine of "established business relationship." [DE 53 at 12 ¶ 8.] (emphasis added.)

- ADT disputes that Fitzhenry appropriately recited ADT's Tenth Affirmative Defense. [DE 116 at 6 ¶ 3.b.] ADT's Tenth Affirmative Defense states: "Plaintiff's claims <u>and the claims of the putative class members</u> are barred to the extent that Plaintiff <u>and some or all of the members of the putative class</u> gave consent for any acts alleged in the Complaint." [DE 53 at 12 ¶ 10.] (emphasis added.)

- ADT does not dispute that SSI raised an affirmative defense of consent, and that SSI did not raise an affirmative defense of established business relationship ("EBR"). [DE 116 at 6 ¶ 2.c.]

- ADT does not dispute that at his deposition, SSI owner Chris Pitman testified that he had no evidence of consent or EBR with respect to Fitzhenry. [DE 116 at 6 ¶ 2.d.]

- ADT does not dispute that ADT designated Barbara Runa to testify regarding evidence that ADT had in its possession regarding consent and/or EBR with respect to Fitzhenry, and ADT does not dispute that Ms. Runa could point to no such evidence. [DE 116 at 6 ¶ 2.e.]

- ADT does not dispute that at the time of the October 10, 2013 call, the residential telephone number on which Fitzhenry received the call (xxx-xxx-1013) was listed on the internal do-not-call databases for both ADT and SSI. [DE 116 at 7 ¶ 2.f.]

- ADT disputes that "Mr. Pitman acknowledged that the voice on Mr. Fitzhenry's October 10, 2013 call was a pre-recorded voice (Ex. A, Pitman Dep. at 298). . . ." [DE 116 at 7 ¶ 2.g.] ADT states that on page 298 of his deposition, beginning in response to a question posed on page 297 of his deposition, Pitman actually testified:

> Q. So they are saying that this Call Assistant Avatar technology is, I'm quoting them, "unlike prerecorded messages," right?
>
> [Page 298]

4

> A. Right.
>
> Q. And then they are saying: That prerecorded messages don't involve live agents who control the content and continuity of what is said, right?
>
> A. Right.
>
> Q. And this Call Assistant, this Avatar technology, they are telling anyone who reads this letter, it does allow for a live agent -- let me make sure I'm quoting them right -- "who controls the content and continuity of what is said to respond to concerns, questions, comments - or demands - of the call recipient."
>
> This Avatar technology enables a live agent to do just that, right?
>
> A. Right.
>
> Q. That's what they are telling anyone who reads this letter, right?
>
> A. That's right.

[DE 116-1 at 4, 297:23-298:19.] ADT does not dispute that the voice of "Shelby" is a prerecorded human voice. [DE 116 at 7 ¶ 2.g.]

ADT disputes that Shelby Williams is a "voice talent" employed by third-party Perfect Pitch to read telemarketing scripts. [DE 116 at 3 ¶ 2.h.] The name of the witness is Shelby Austin. [DE 116-6, Deposition of Shelby Austin, 4:18-20.] ADT does not dispute that Ms. Austin's recorded voice was the "Shelby" voice on the Call. [DE 116 at 3 ¶ 2.h.]

## **REVIEW OF MATERIAL FACTS**[2]

This action arises out of an allegedly "pre-recorded telemarketing call" that Fitzhenry ("Fitzhenry") received on October 10, 2013 (the "Fitzhenry Call"). Contrary to the allegations in Fitzhenry's complaint and the "facts" asserted in Plaintiff's Motion, there is no evidence that the Call was made by or from SSI. Rather, discovery has revealed that the Fitzhenry Call was made from an unidentified call center at the direction of Perfect Pitch Technology, Inc. ("Perfect Pitch"). (ADT Statement at ¶¶ 3-4, 7-8, 11-12.) Without the knowledge or approval of either

---

[2] Pursuant to Local Rule 56.1, ADT has filed contemporaneously with this Memorandum a Statement of Material Facts, hereafter referred to as the "ADT Statement."

ADT or SSI, Perfect Pitch had been hired by K2 Marketing, LLC ("K2") to make telemarketing calls.  (Id. at ¶ 9.)  Contrary to the express terms of ADT's telemarketing guidelines with SSI, SSI had hired K2 to perform telemarketing on SSI's behalf without obtaining ADT's authorization and without SSI ever disclosing to ADT that SSI had engaged K2 for this purpose.  (Id. at ¶¶ 5-6.)  Moreover, SSI had continued to use K2 to conduct telemarketing despite having received ADT's explicit directive in June 2013 that SSI was prohibited from engaging in any telemarketing using a prerecorded message.  (Id. at ¶¶ 5-6.)

K2 provided Perfect Pitch with lists of the telephone numbers that were to be called.  (ADT Statement at ¶ 13.)  K2 obtained these "lead lists" from up to 25 different vendors, including vendors who would confirm consumers' willingness to receive telemarketing calls regarding security systems. (Id. at ¶¶ 16-22.)  None of these lists were generated or supplied by ADT or SSI.  (Id. at ¶ 14.)  K2 never had any communications with ADT.  (Id. at ¶ 5.) Although it is not relevant to the instant motion, ADT strongly disputes that the Fitzhenry call or any of the calls to purported class members violates the TCPA.

## FITZHENRY HAS NOT ESTABLISHED THE LACK OF AN ESTABLISHED BUSINESS RELATION OR LACK OF CONSENT BY ANY MEMBERS OF THE PUTATIVE CLASS OTHER THAN HIMSELF

ADT clearly asserted its consent and EBR defenses with respect to the claims of putative class members at the time it answered Fitzhenry's "class action" complaint.  Plaintiff's Motion does not identify any basis for judgment with respect to the defenses stated as they apply to the claim of any putative class member other than Fitzhenry.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)  (a party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion").

6

8303831 v1

A determination whether prior express consent had been given or an established business relationship existed would "require a separate inquiry for each individual class member in light of their particular relationship or lack of relationship with each of the defendants." *Levitt v. Fax.com*, No. WMN-05—949, 2007 U.S. Dist. LEXIS 83143 at *9 (D. Md. May 25, 2007) (granting motion to decertify class where there was no available method for class-wide determination of consent and EBR issues).  Indeed, numerous courts have found that the necessity of engaging in such individualized inquiries into prior consent and EBR with respect to TCPA claims renders class certification inappropriate.  *See, e.g., Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 327-29 (5th Cir. 2008); *APB Assocs., Inc. v. Bronco Saloon, Inc.*, 297 F.R.D. 302, 321-22 (E.D. Mich. 2013); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997); *Hicks v. Client Servs., Inc.*, No. 07-61822, 2008 U.S. Dist. LEXIS 101129 at *19-20 (S.D. Fla. Dec. 11, 2008).  To make a blanket determination on the viability of those defenses to the alleged claims of putative class members who have not even be identified would be entirely improper.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 277, 131 S. Ct. 2541, 2561 (2011) ("[A] class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims.").

## CONCLUSION

For the foregoing reasons and authorities cited, ADT respectfully requests that Fitzhenry's motion for partial summary judgment on ADT's affirmative defenses of prior consent and established business relationship be denied to the extent that the motion purports to seek judgment on those defenses with respect to the alleged claims of putative class members.

Respectfully submitted,

*/s  Stuart H. Singer*
Stuart H. Singer

7

8303831 v1

Carlos Sires
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd. No. 1200
Ft. Lauderdale, FL 33301
Telephone: 954-356-0011
Facsimile: 954-356-0022
ssinger@bsfllp.com
csires@bsfllp.com

Eric L. Zalud (Admitted *Pro Hac Vice*)
David M. Krueger (Admitted *Pro Hac Vice*)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:     216.363.4178
Facsimile:     216.363.4588
ezalud@beneschlaw.com
dkrueger@beneschlaw.com

Benjamen E. Kern (Admitted *Pro Hac Vice*)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone:     614.223.9300
Facsimile:     614.223.9330
bkern@beneschlaw.com

C. Sanders McNew
MCNEW P.A.
mcnew@mcnew.net
Florida Bar No. 0090561
2385 NW Executive Center Drive
Suite 100
Boca Raton, Florida 33431
Tel: (561) 299-0257
Fax: (561) 299-3705
mcnew@mcnew.net

*Counsel for the Defendant, The ADT Corporation*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2014, I caused a true and correct copy of the foregoing Memorandum of Law of Defendant The ADT Corporation in Response and Opposition to Plaintiff's Motion for Partial Summary Judgment to be served by CM/ECF on all parties listed to receive electronic service for this case.

/s  Stuart H. Singer
Stuart H. Singer