UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

No. 9:14-cv-80180-Middlebrooks/Brannon

MARK FITZHENRY,

        Plaintiff,

v.

THE ADT CORPORATION, et al.,

        Defendants.

_____/

# ADT'S MOTION TO STRIKE AFFIDAVIT OF ANYA VERKHOVSKAYA IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND MOTION *IN LIMINE* TO EXCLUDE ANYA VERKHOVSKAYA

| | |
|---|---|
| Stuart H. Singer | Eric L. Zalud (Admitted *Pro Hac Vice*) |
| Carlos M. Sires | David M. Krueger (Admitted Pro Hac Vice) |
| BOIES, SCHILLER & FLEXNER LLP | BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP |
| 401 E. Las Olas Blvd. No. 1200 | 200 Public Square, Suite 2300 |
| Ft. Lauderdale, FL 33301 | Cleveland, Ohio 44114-2378 |
| Telephone: (954) 356-0011 | Telephone: (216) 363-4178 |
| Facsimile: (954) 356-0022 | Facsimile: (216) 363-4588 |
| ssinger@bsfllp.com | ezalud@beneschlaw.com |
| csires@bsfllp.com | dkrueger@beneschlaw.com |
| | |
| Benjamen E. Kern (Admitted *Pro Hac Vice*) | C. Sanders McNew |
| BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP | MCNEW P.A. |
| | Florida Bar No. 0090561 |
| 41 South High Street, Suite 2600 | 2385 NW Executive Center Drive, Suite 100 |
| Columbus, Ohio 43215 | Boca Raton, Florida 33431 |
| Telephone: (614) 223-9300 | Telephone: (561) 299-0257 |
| Facsimile: (614) 223-9330 | Facsimile: (561) 299-3705 |
| bkern@beneschlaw.com | mcnew@mcnew.net |

*Counsel for the Defendant The ADT Corporation*

## **TABLE OF CONTENTS**

Page

I. BACKGROUND ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 2

    A. Motion *In Limine* Standard. ................................................................................... 2

    B. Verkhovskaya's Testimony Qualifies as Expert Opinion Testimony Under The Federal Rules Of Evidence. ............................................................................. 3

    C. The Proffered Testimony Violates The Federal Rules of Civil Procedure And The Court's Scheduling Order. ................................................................................ 5

    D. Plaintiff's Delay Is Not Substantially Justified. ....................................................... 5

    E. ADT Is Prejudiced. .................................................................................................. 6

III. CONCLUSION ................................................................................................................... 7

i

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Furmanite Am., Inc. v. T.D. Williamson, Inc.*,
  506 F. Supp. 2d 1126 (M.D. Fla. 2007) .............................................................................. 3, 4

*Johnson v. Midland Credit Mgmt.*,
  No. 05-CV-1094, 2012 U.S. Dist. LEXIS 170420 (N.D. Ohio Nov. 29, 2012) ......................... 4

*Kobie v. Fifthian*,
  No. 2:12-cv-98-FtM-29DNF, 2014 U.S. Dist. LEXIS 56438 (M.D. Fla. Apr. 23, 2014) .......... 2

*McSweeney v. Kahn*,
  No. 05-CV-0132-HLM, 2008 U.S. Dist. LEXIS 111678 (N.D. Ga. Aug. 6, 2008) ................... 4

*Mitchell v. Ford Motor Co.*,
  318 Fed. Appx. 821 (11th Cir. 2009) ......................................................................................... 6

*Morgan v. U.S. Xpress, Inc.*,
  4:03-CV-88-1, 2006 U.S. Dist. LEXIS 7225 (M.D. Ga. Feb. 3, 2006) ...................................... 3

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*,
  No. 09-61490, 2011 U.S. Dist. LEXIS 62969 (S.D. Fla. June 7, 2011) ..................................... 2

*Prieto v. Malgor*,
  361 F.3d 1313 (11th Cir. 2004) ................................................................................................. 5

*Roberta L. Marcus, Inc., v. New Cingular Wireless PCS, LLC*,
  No. 12-cv-20744, 2013 U.S. Dist. LEXIS 129056 (S.D. Fla. Sept. 5, 2013) ............................. 7

*Shire Development LLC v. Watson Pharms., Inc.*,
  932 F. Supp. 2d 1349 (S.D. Fla. 2013) ...................................................................................... 6

*Southwell v. Mortgage Investors Corp. of Ohio*,
  No. C13-1289, 2014 U.S. Dist. LEXIS 112362 (W.D. Wash. Aug. 12, 2014) ................. *passim*

**Rules**

Fed. Evid. R. 702 ........................................................................................................................ 3, 4

Fed. Evid. R. 703 ............................................................................................................................ 3

Fed. R. Civ. P. 26 ................................................................................................................. *passim*

Fed. R. Civ. P. 26(a)(1)(2)(a) ......................................................................................................... 3

Rule 26(a) ....................................................................................................................................... 5

Rule 26(a)(2) ................................................................................................................................ 5

Fed. R. Civ. P. 37(c)(1) .............................................................................................................. 5

Defendant The ADT Corporation ("ADT") moves the Court to enter an Order striking the Affidavit of Anya Verkhovskaya in support of Plaintiff's Motion for Class Certification and excluding Verkhovskaya from testifying as an expert, on the grounds she attempts to offer expert testimony in support of Fitzhenry's bid for class certification, even though Fitzhenry failed to designate her as an expert, proffer an expert report, or proffer her deposition, all in violation of Fed. R. Civ. P. 26.

## I.     BACKGROUND

The Court's Order Resetting Trial and Establishing Pretrial Schedule ("Scheduling Order") required Fitzhenry to provide ADT with a "written list with the names and addresses of all expert witnesses intended to be called at trial" on or before June 23, 2014 and "make its experts available for deposition by [ADT]" on or before July 7, 2014.  [DE 46 at 4, ¶ 10.]

Fitzhenry never disclosed Verkhovskaya in his discovery responses—as either an expert or purported fact witness—and never supplemented his discovery responses to identify Verkhovskaya.  On July 21, 2014, Fitzhenry served his witness list for trial, which still failed to disclose Verkhovskaya.

On August 1, 2014, Fitzhenry moved for leave to untimely disclose Daniel Ellis as an expert, [DE 82], which request this Court granted.  Fitzhenry did not seek leave to untimely designate any other expert.  On August 11, 2014, Fitzhenry served Dr. Ellis' expert report and *curriculum vitae*.  The same day, Fitzhenry disclosed Verkhovskaya on his supplemental witness list, purportedly as a fact witness.  Fitzhenry did not submit any expert report or *curriculum vitae* for Verkhovskaya.

On September 22, 2014, Fitzhenry filed his Motion for Class Certification, including an affidavit from Verkhovskaya.  [DE 114.]  Verkhovskaya is a Partner and the Chief Operating Officer ("COO") of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data").

1

[DE 114 at 7-8; DE 114-5 at 1.] Despite labeling Verkhovskaya as a fact witness, Fitzhenry offers her testimony regarding a proposed method for ascertaining putative class members. [*Id.*]

Verkhovskaya's testimony is that of an expert witness, not a fact witness. Fitzhenry's deadline to disclose Verkhovskaya as an expert expired June 24, 2014. Fitzhenry attempts to characterize Verkhovskaya as a non-expert witness, but she is not.[1] [DE 114-5 at 1, ¶ 3.] Consequently, the Court should strike Verkhovskaya's Affidavit in support of Fitzhenry's Motion for Class Certification and exclude Verkhovskaya from offering any testimony at trial.

## II.   ARGUMENT

### A.   Motion *In Limine* Standard.

"The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490, 2011 U.S. Dist. LEXIS 62969, *2 (S.D. Fla. June 7, 2011) (internal citation omitted). A motion *in limine* allows the trial judge to establish the movant's position "so as to avoid the introduction of damaging evidence, which may irretrievably effect the fairness of the trial." *Kobie v. Fifthian*, No. 2:12-cv-98-FtM-29DNF, 2014 U.S. Dist. LEXIS 56438, *3 (M.D. Fla. Apr. 23, 2014) (citation omitted).

---

[1] Verkhovskaya states she included her *curriculum vitae* with her affidavit. However, it appears Fitzhenry chose not to include Verkhovskaya's *curriculum vitae* when filing her affidavit, Verkhovskaya's extensive statement of experience and qualifications from another recent case in which she offered substantially similar expert testimony regarding class ascertainability—testimony that was ultimately deemed unreliable by the Court—is attached as Exhibit 1 hereto. *See Southwell v. Mortgage Investors Corp. of Ohio*, No. C13-1289, DE 113 (W.D. Wash. April 25, 2014).

B.  **Verkhovskaya's Testimony Qualifies as Expert Opinion Testimony Under The Federal Rules Of Evidence.**

"Testimony that is expert testimony should not 'evade the expert witness disclosure requirements set forth in [Rule] 26 simply because the testimony is proffered through a fact witness.'" *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1133 n.3 (M.D. Fla. 2007) (alteration in original).  Fed. R. Civ. P. 26(a)(1)(2)(a) demands that a witness whose testimony falls under Fed. Evid. R. 702 and 703 be designated and treated as an expert witness.

Fed. Evid. R. 702 defines an expert witness by reference to one's knowledge, skill, or training.  Witnesses that offer an opinion drawing on their expertise are appropriately classified as an expert witness.  Fed. R. Evid. 703.  Thus, testimony consisting of "opinions based on scientific, technical, or other specialized knowledge" will be considered testimony of an expert pursuant to Rule 702.  *Morgan v. U.S. Xpress, Inc.*, 4:03-CV-88-1, 2006 U.S. Dist. LEXIS 7225, at *7 (M.D. Ga. Feb. 3, 2006) (emphasis added).

Verkhovskaya undoubtedly offers expert testimony as defined under Rule 702.  Her affidavit is replete with not only her past purportedly skilled experience in identifying alleged class members, but also opinions that rely heavily on her knowledge and skill as a COO in A.B. Data.  [DE 114-5 at 3-5, ¶¶ 10-18.]  Verkhovskaya claims that she is "familiar with and ha[s] been directly responsible for administering some of the largest and most complex class action settlements of all time. . . ."  [DE 114-5 at 3, ¶ 10.]  Verkhovskaya's oversight of A.B. Data involves using its "extensive experience" to allegedly identify and locate class members "using a variety of different methods and data resources."  [DE 114-5 at 2, ¶ 6.]  Furthermore, Verkhovskaya intends to use her specialized knowledge, skill, and position within A.B. Data to attempt to cross-reference phone numbers with a "Records Database" using "a variety of techniques."  [DE 114-5 at 6-7, ¶¶ 22-23, 28.]  Plaintiff intends to use Verkhovskaya's methods

3

concurrently with his other expert witness, Dr. Ellis, to identify alleged class members. [DE 114 at 7.] *See McSweeney v. Kahn*, No. 05-CV-0132-HLM, 2008 U.S. Dist. LEXIS 111678, *16 (N.D. Ga. Aug. 6, 2008) (holding that defendant failed to disclose its expert witness that analyzed e-mails through Microsoft Outlook in violation of Rule 26, stating, "[t]he average user of a computer . . . would not have the expertise to conduct that *investigation*.") (emphasis added).

The Middle District of Florida's decision in *Furmanite* is instructive. 506 F. Supp. 2d 1126. In *Furmanite*, the plaintiff identified a fact witness and attempted to have that witness also render an expert opinion. The Court held that, while the fact witness was not timely disclosed as an expert and could not offer any opinion testimony, the witness could still testify as a fact witness. *Id.* *17. However, the Court noted that the witness could appropriately serve as a fact witness in that case as he had first-hand, personal knowledge of facts relevant to the case, "<u>rather than being subsequently supplied with such information by counsel</u>." *Id.* (emphasis added).

Here, Verkhovskaya has no independent, first-hand knowledge of the facts of Fitzhenry's claim. Her proposed testimony is offered solely for the purpose of discussing the feasibility of identifying putative class members. [DE 114-5 at 6-8.] Her proposed testimony, which relates solely to her opinions based upon information provided to her by counsel, unquestionably employs specialized knowledge that qualifies as expert testimony. *See, e.g.*, *Johnson v. Midland Credit Mgmt.*, No. 05-CV-1094, 2012 U.S. Dist. LEXIS 170420, *43-46 (N.D. Ohio Nov. 29, 2012) (analyzing whether witnesses' proposed means for ascertaining class members satisfied expert testimony requirements under Fed. Evid. R. 702). Indeed, Verkhovskaya has provided nearly identical expert testimony in nearly a dozen other cases, including a recent case where her testimony was excluded by the Court as constituting unreliable expert opinion testimony. *See Southwell v. Mortgage Investors Corp. of Ohio*, No. C13-1289, 2014 U.S. Dist. LEXIS 112362,

4

*12 (W.D. Wash. Aug. 12, 2014) (holding that expert declaration of Verkhovskaya was insufficient to meet Rule 23 standard for class certification for ascertaining class members).[2]

## C. The Proffered Testimony Violates The Federal Rules of Civil Procedure And The Court's Scheduling Order.

Federal Rule of Civil Procedure 26 "imposes specific disclosure requirements upon any witness 'who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." *Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004) (internal citations omitted). Rule 26(a)(2) specifically provides that expert designations and reports must be made at the time and sequence the court orders and expert reports must contain, *inter alia,* "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2). Rule 37(c)(1) provides that, if a party fails to timely provide expert opinions required by Rule 26(a), then such opinions are precluded from being offered at trial. Fed. R. Civ. P. 37(c)(1).

Not only has Plaintiff disregarded the Court's mandated sequence of expert disclosures, Plaintiff has not even requested leave from the Court to use Verkhovskaya's testimony. Plaintiff has ignored the timing of this Court's mandated expert disclosures, in violation of Rule 26 and its underlying goals of ensuring fair and expeditious pretrial practice. There is no applicable exception that would allow Plaintiff to use Verkhovskaya's testimony.

## D. Plaintiff's Delay Is Not Substantially Justified.

Plaintiff's proposed expert must be excluded unless Plaintiff proves that the failure to timely disclose the expert was substantially justified or was harmless to ADT. Fed. R. Civ. P. 37(c)(1); *see Prieto,* 361 F.3d at 1318. "In determining whether a failure to sufficiently disclose

---

[2] Verkhovskaya's Declaration in *Southwell*, and her declarations in the numerous other cases in which she has been retained to offer expert testimony (*see Southewell* at DE 113), are substantially similar to the testimony she offers in this case regarding her proposed means for ascertaining class members.

5

an expert witness is substantially justified or harmless, courts should consider (1) the importance of the testimony, (2) the reasons for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness is allowed to testify." *Shire Development LLC v. Watson Pharms., Inc.*, 932 F. Supp. 2d 1349, 1357 (S.D. Fla. 2013) (Middlebrooks, J.) (citation omitted). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Shire*, 932 F. Supp. 2d at 1357 (quoting *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009)).

Fitzhenry has prosecuted this suit as a putative class action from the outset of litigation. His attorneys are experienced in these suits and have even retained to Verkhovskaya to offer nearly identical testimony in other TCPA lawsuits. Verkhovskaya's testimony is based upon records Fitzhenry has had in his possession for months prior to the June 23, 2014 expert designation deadline. Simply stated, at this late juncture (a month after the discovery cutoff and with trial in five weeks), Fitzhenry is unable to justify, let alone substantially justify, his failure to timely identify Verkhovskaya as an expert witness or provide an expert report.

### E. ADT Is Prejudiced.

The prejudice to ADT as a result of Plaintiff's late-game circumventing of the Court's Scheduling Order is obvious:

- ADT did not have an opportunity to depose Verkhovskaya before designating its own trial experts or obtain any rebuttal experts.

- As Fitzhenry disclosed Verhovskaya on August 11, 2014, and discovery closed on August 18, 2014, ADT did not have an opportunity to conduct any discovery or take any depositions related to Verkhovskaya's knowledge, methodology, and alleged third-party vendor use. *See* LR 26.1(i) (precluding deposing an out-of-state witness without at least 14 days advance notice).[3]

---

[3] Notably, even <u>if</u> Verkhovskaya's testimony were considered lay opinion of a fact witness, Fitzhenry's disclosure of Verkhovskaya was still untimely under LR 26.1(i).

6

- Fitzhenry has failed to provide an expert report or any "[d]etailed information about A.B. Data's services" as noted in Verkhovskaya's affidavit. [DE 114-5 at 1-2, ¶ 4.]

*See Roberta L. Marcus, Inc., v. New Cingular Wireless PCS, LLC*, No. 12-cv-20744, 2013 U.S. Dist. LEXIS 129056, *2 (S.D. Fla. Sept. 5, 2013) ("discovery in this case is closed; it is too late for the Defendants to depose [the plaintiff's expert], and the case is proceeding to trial in the near future. It is evident that the Defendants will be prejudiced if the Plaintiff is permitted to spring this witness into the case a[t] the last minute.").

ADT was precluded from deposing Verkhovskaya and learning the bases of her opinions, including whether there are any distinguishing features of her testimony from prior cases where her proffered expert testimony on identifying class members has been deemed unreliable and excluded. *See Southwell*, 2014 U.S. Dist. LEXIS 112362 at *12 (holding that expert declaration of Verkhovskaya was insufficient to meet Rule 23 standard for class certification for ascertaining class members). Further, ADT never had the opportunity to retain its own rebuttal expert.

Fitzhenry attempts to sidestep the Court's Scheduling Order and the Federal Rules of Civil Procedure by seeking to submit Verkhovskaya's testimony as that of a fact witness. However, her testimony plainly calls for the application of specialized knowledge outside the province of a lay person who has no experience with such matters.

### III. CONCLUSION

The Court should grant ADT's Motion. Verkhovskaya's affidavit in support of Plaintiff's Motion for Class Certification should be stricken and Verkhovskaya should be precluded from offering any of the testimony in her affidavit (or any other expert testimony) at trial.

Respectfully submitted,

*/s/ Stuart H. Singer*
Stuart H. Singer
Carlos M. Sires
BOIES, SCHILLER & FLEXNER LLP

7

        401 E. Las Olas Blvd. No. 1200
        Ft. Lauderdale, FL  33301
        Telephone:  (954) 356-0011
        Facsimile:    (954) 356-0022
        ssinger@bsfllp.com
        csires@bsfllp.com

        Eric L. Zalud (Admitted *Pro Hac Vice*)
        David M. Krueger (Admitted *Pro Hac Vice*)
        BENESCH, FRIEDLANDER, COPLAN &
        ARONOFF LLP
        200 Public Square, Suite 2300
        Cleveland, Ohio  44114-2378
        Telephone:  (216) 363-4178
        Facsimile:    (216) 363-4588
        ezalud@beneschlaw.com
        dkrueger@beneschlaw.com

        Benjamen E. Kern (Admitted *Pro Hac Vice*)
        BENESCH, FRIEDLANDER, COPLAN &
        ARONOFF LLP
        41 South High Street, Suite 2600
        Columbus, Ohio  43215
        Telephone:  (614) 223-9300
        Facsimile:    (614) 223-9330
        bkern@beneschlaw.com

        C. Sanders McNew
        MCNEW P.A.
        Florida Bar No. 0090561
        2385 NW Executive Center Drive, Suite 100
        Boca Raton, Florida  33431
        Telephone:   (561) 299-0257
        Facsimile:    (561) 299-3705
        mcnew@mcnew.net

        *Counsel for the Defendant The ADT Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2014, I caused a true and correct copy of the foregoing to be served by CM/ECF on all parties listed to receive electronic service for this case.

/s/ Stuart H. Singer