IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| MARK FITZHENRY, on behalf of himself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 14-cv-80180-DMM<br>)<br>) |
| v. | )<br>) |
| THE ADT CORPORATION (f/k/a ADT Security Services, Inc.) and SECURITY SOLUTIONS INC. | )<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S UNOPPOSED RENEWED MOTION TO EXTEND TRIAL DATE AFTER RULING ON CLASS CERTIFICATION AND SUMMARY JUDGMENT**

Plaintiff Mark Fitzhenry, without opposition from defendant The ADT Corporation ("ADT") and Security Solutions, Inc., renews his motion to extend the trial date in this action, currently set for November 17, 2014. As grounds for this motion, Plaintiff states that on March 11, 2014, Plaintiff filed an Unopposed Motion to Set Trial Date Not Less than 60 Days After Ruling on Class Certification (Dkt. 44). On April 29, 2014, this Court denied Plaintiff's Motion without Prejudice, finding that because no Motion for Class Certification was pending, the Motion was premature.

On September 22, 2014, Plaintiff filed a Motion to Certify the Class (Dkt. 114) and Defendant ADT filed a Motion to Deny Class Certification (Dkt. 112), which was joined by Defendant Security Solutions, Inc. (Dkt. 113). The Parties' respective motions on class certification are fully briefed and pending before the Court. In addition, Defendant ADT has filed a motion for summary judgment (Dkt 117), which was joined by Defendant Security Solutions, Inc., (Dkt. 119), which is fully briefed and pending before the Court.

If the Court grants class certification as the Plaintiff has requested pursuant to Fed. R. Civ. P. 23(b)(3), Rule 23(c)(2)(B) dictates that notice be provided to the class before trial and that class members be provided the option to request exclusion from the class:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R.Civ.P. 23(c)(2)(B).  In the event of a ruling in favor of class certification, Plaintiff will need to obtain Court approval on the form of notice to be issued to the class, following which Plaintiff estimates thirty days to disseminate the approved notice.  Due process requires that any certified class be given a meaningful period of time to consider whether to exercise its right of exclusion.  Courts typically grant class members 60 or 90 days from the date of notice to decide whether to exclude themselves from a certified class.  If the case is certified, Plaintiff lacks sufficient time before the schedule trial to provide the necessary notice to the class due to the lead time to both issue notice and afford class members the right to exclude themselves.  In the event certification is denied, the scope of the trial would be greatly reduced in light of Plaintiff's

modest individual damages. Further, if the Court were to grant ADT's motion for summary judgment, a trial will not be required.

## Conclusion

For the foregoing reasons, the Plaintiff requests that the Court continue the trial date to be reset following resolution of the pending motions regarding class certification and summary judgment.

Respectfully Submitted,

PLAINTIFF MARK FITZHENRY,

*/s/ Geoffrey J. Moul*
Geoffrey J. Moul
Brian K. Murphy (admitted *Pro Hac Vice)*
Murray Murphy Moul + Basil LLP
1533 Lake Shore Drive
Columbus, OH  43204
(614) 488-0400
murphy@mmmb.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave, Third Floor
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net
*Admitted Pro Hac Vice*

John W. Barrett
Jonathan Marshall
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
*Admitted Pro Hac Vice*

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Admitted Pro Hac Vice*

Respectfully Submitted,
DEFENDANT ADT CORPORATION,

*/s/ Stuart H. Singer*
Stuart H. Singer
Carlos Sires
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd. No. 1200
Ft. Lauderdale, FL 33301
Telephone: 954-356-0011
Facsimile: 954-356-0022
ssinger@bsfllp.com
csires@bsfllp.com

Eric L. Zalud (Admitted *Pro Hac Vice*)
David M. Krueger (Admitted *Pro Hac Vice*)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4178
Facsimile: 216.363.4588
ezalud@beneschlaw.com
dkrueger@beneschlaw.com

Benjamen E. Kern (Admitted *Pro Hac Vice*)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9300
Facsimile: 614.223.9330
bkern@beneschlaw.com

C. Sanders McNew
McNEW P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida 33431
(561) 299-0257
mcnew@mcnew.net

Respectfully Submitted,
DEFENDANT SECURITY SOLUTIONS, INC.,

*/s/ David P. Reiner, II*
David P. Reiner, II
Reiner & Reiner, P.A.
9100 S. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
(305) 670-8282
DPR@reinerslaw.com


Dated:  October 23, 2014


## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014 a copy of the foregoing document was filed electronically. Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Geoffrey J. Moul*
Geoffrey J. Moul